162 So.2d 16

## STATE of Louisiana

v.

## INVESTIGATION BY Jim GARRISON, District Attorney, Orleans Parish.

No. 47214.

April 2, 1964.

In re Warren C. Holden, J. B. Broussard, O. C. Roberts, M. A. Forman, Jr., and Elbert I. Buckner applying for writs of certiorari, prohibition and mandamus.

Writs refused. We find no error in the ruling complained of.

FOURNET, Chief Justice (dissenting from the refusal to grant a writ).

As pointed out in my dissenting opinion in the refusal to grant a writ in State v. Investigation, and Gerami v. Pharis, 245 La. 193, 157 So.2d 735, " * * * R.S. 15:-156,[1] as incorporated in the Code of Criminal Procedure when our statutes were revised in 1950, is nothing more than a codification of the law that has been in existence since the governor of Louisiana, on February 22, 1817, approved the act adopted by the then General Assembly of Louisiana, which is to be found at page No. 180 of the 1816–17 acts of the state, being Section 8 of an act entitled 'An Act supplementary to an act entitled "An act for the punishment of crimes and misdemeanors," ' and it must, therefore, under our law and jurisprudence be strictly construed. However, even given a liberal interpretation, there is certainly no language in R.S. 15:156 from which it can be deduced that the legislature ever intended by its adoption to give to either the attorney general or our district attorneys the unbridled power, authority, and privilege of engaging in a public 'fishing expedition', such as is being authorized with the refusal of this writ."

Such an investigation is usually conducted before the grand jury, which is presently in session for that very purpose. But if the district attorney wants to make inquiry outside the grand jury room and its secrecy, he may do so by merely taking depositions of the witnesses before the judge or justice of the peace, and if he thinks from these there is sufficient evidence to charge the person by a Bill of Information, instead of by an indictment, he may do so.

Obviously, R.S. 15:156, quoted in Footnote No. 1, was adopted to supplement the law in existence at that time for the investigation of crimes, and, as reflected by the jurisprudence of this state,[2] it has been recognized this statute was adopted to afford the district attorneys the same facility for the investigation of crimes committed given to grand juries in summoning witnesses; limiting, however, the hearing to the taking of the testimony of such witnesses by deposition before a judge or justice of the peace. It necessarily follows that an open hearing, such as is being here complained of, is an invasion of the privacy

1. R.S. 15:156 provides: "Whenever the attorney-general or any district attorney shall be informed that a crime or misdemeanor has been committed, and that no complaint or declaration thereof has been made before any judge or justice of the peace, it shall be their duty respectively to inquire ex officio into the fact by causing all persons they shall suppose to have some knowledge of the fact to be summoned before some judge or justice of the peace, that their depositions may be taken * * *."

2. State ex rel. Pleasant v. Baker, 133 La. 919, 63 So. 403, and State ex rel. Cassidy v. Baker, 135 La. 92, 64 So. 993.

which all citizens are entitled to under the laws of this state and the United States.

HAWTHORNE, Justice, concurs in the denial of the writ.

The district attorney having alleged that specific and named crimes have been committed in the Parish of Orleans, I do not think there is any merit to relators' application. Relators make no contention that the statute is being unconstitutionally applied by using it, the statute, to conduct an *open* hearing, or that the rights of the parties against self-incrimination are being violated. A prosecuting officer under the statute occupies the same position as the grand jury; see State ex rel. Pleasant, Attorney General v. Baker, Judge, 133 La. 919, 63 So. 403.

SANDERS, Justice, concurs in the refusal of the writ.

The allegations of the District Attorney's petition comply with the statute, and applicants have made no showing that their right against self-incrimination or other constitutionally protected right is being violated.

SUMMERS, Justice, is of the opinion that the writ should be granted.

Although I am in accord with the majority that the District Attorney may provoke a hearing in the manner revealed by the record, I am of the opinion that such a hearing should be held before "a judge or justice of the peace". LSA–R.S. 15:17.1. This authority does not authorize a public hearing and the hearing should be held only before the judge or justice of the peace as authorized by law.

The jurisprudence of this State has recognized that this statute is to afford the District Attorney the same facility afforded to Grand Juries in summoning witnesses, etc., State ex rel. Pleasant v. Baker, 133 La. 919, 63 So. 403. Confining the hearing to the presence of the judge or justice of the peace will in no manner prejudice this objective and it will at the same time preserve the right of privacy to which all citizens are entitled under the Constitution and laws of the State and Federal governments.